**AVONDALE SHIPYARDS, INC.,**
Appellant,

v.

**P. J. DONOVAN, Deputy Commissioner** Seventh Compensation District, Bureau of Employees' Compensation, U. S. Department of Labor, and Minus Aizen, Appellees.

No. 18695.

United States Court of Appeals Fifth Circuit.

July 13, 1961.

Charles Kohlmeyer, Jr., H. Martin Hunley, Jr., New Orleans, La., Lemle & Kelleher, New Orleans, La., of counsel, for appellant.

Francis G. Weller, Asst. U. S. Atty., Samuel C. Gainsburgh, Raymond H. Kierr, New Orleans, La., Morton Hollander and David L. Rose, Attys., Dept. of Justice, Washington, D. C., Herbert P. Miller, Asst. Sol., Dept. of Labor, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellees.

Before CAMERON, BROWN, and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This case presents for decision the identical question this day decided in Travelers Ins. Co. v. Calbeck, Deputy Commissioner, 5 Cir., 1961, 293 F.2d 52, whether injuries received by a person working on an uncompleted vessel, launched and afloat but still under construction, are covered under the State or the Federal Longshoremen's Act.

The facts are not significantly different. The employer, Avondale Marine Ways, Inc., has two large shipyards and regularly performs new construction work and repair work. Generally in the employer's large labor force the work performed by a particular employee was primarily one rather than the other. Occasionally an employee would perform the other. The injured employee, however, worked regularly and solely in new construction. The injuries were received on August 11, 1956, while the employee was working as a welder on an uncompleted elevated deck drilling barge. The hull had been launched July 26, 1956, but the vessel was not completed and delivered until November 17, 1956. By stipulation the barge, at the time of the accident, was 57% complete based both on probable dollar cost and estimated man hours of work.

Unlike the Calbeck case only one Award was issued here. On January 27, 1960, Deputy Commissioner Donovan entered an Award of compensation benefits under the Longshoremen's Act. This was, of course, subsequent to the two Orders of Deputy Commissioner Calbeck in the other similar case then pending before the Bureau of Employees' Compensation, but it was prior to the District Court's Order of April 20, 1960, which remanded the matter for further proceedings and resulted in a complete about-face. See note 5 in Calbeck, 293 F.2d 52 at page 54. The uncertainty

and confusion was, therefore, being generated by the two cases themselves.

As in the other case, we hold that injuries to such a worker may validly be covered by the State Compensation Act. Consequently, the Order of the Deputy Commissioner must be set aside as not in accordance with law, 33 U.S.C.A. § 921(b).

This makes it unnecessary to pass on the additional contention of the employer that payments aggregating several thousand dollars for compensation and medical expense ostensibly made under the Louisiana Act constituted such an administrative determination as to be within that aspect of Davis v. Department of Labor, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, 1942 A.M.C. 1653.

Reversed and rendered.